IN THE UNTED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. _____

LINDA K. WALKER,

    Plaintiff,

vs.

JO-ANN STORES, LLC,

    Defendant.
_____/

**DEFENDANT JO-ANN STORES, LLC'S NOTICE OF REMOVAL**

Defendant, Jo-Ann Stores, LLC. ("Jo-Ann"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby files this Notice of Removal of this civil action from the Circuit Court of the Sixth Judicial Circuit in and for Polk County, Florida, in which it is now pending, to the United States District Court for the Middle District of Florida. In support of this Notice of Removal, Jo-Ann states the following:

    1.    This Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1441 because this action could have been filed originally in this Court pursuant to 28 U.S.C. § 1332, as set forth more fully below.

    2.    This is a negligence action wherein it is alleged that, on June 8, 2019, Plaintiff Linda K. Walker ("Plaintiff") was injured while at a Jo-Ann store located at 4241 US Highway 98 N, Lakeland, Polk County, Florida. See Complaint, attached hereto as **Exhibit "A,"** at ¶ 4 & 7.

1

3. This action was commenced in the Sixth Judicial Circuit in and for Polk County, Florida, on or about June 1, 2020, bearing Case No. 2020CA001910000000. Removal to the Middle District of Florida, Tampa Division is proper because it is the district court embracing the place where the state court action is pending.

4. Jo-Ann was served with Plaintiff's Complaint on August 4, 2020. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because Jo-Ann is filing this Notice of Removal within thirty (30) days after service of Plaintiff's Complaint.

5. This action could have been brought originally in this Court pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different states wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6. Pursuant to 28 U.S.C. § 1446, Jo-Ann attaches hereto as **Composite Exhibit "B"** copies of all process, pleadings, orders and other papers or exhibits of every kind, on file in the state court proceeding.

7. Concurrent with the filing of this Notice of Removal, Jo-Ann has filed a true and correct copy of this Notice of Removal with the Clerk of the Sixth Judicial Circuit in and for Polk County, Florida. Jo-Ann has also given written notice to Plaintiff by contemporaneously serving this Notice of Removal on Plaintiff's counsel.

8. On December 3, 2019, Plaintiff's counsel sent Jo-Ann's claims adjuster correspondence detailing Plaintiff's injuries, medical expenses, settlement demand, and attaching medical records of the Plaintiff. A redacted copy of the December 3, 2019, demand letter from Plaintiff's counsel and enclosures are attached hereto as **Composite Exhibit "C."**

**DIVERSITY OF CITIZENSHIP**

9. At all times material hereto, Plaintiff was and is a citizen and resident of the State of Florida. See Composite Exhibit "C."

10. At all times material hereto, Jo-Ann was and is an Ohio corporation, with its principal place of business in Ohio.

11. Thus, there is complete diversity of citizenship between Plaintiff, a citizen of Florida, and Jo-Ann, a citizen of Ohio.

**AMOUNT IN CONTROVERSY**

12. Plaintiff's suit against Jo-Ann is for premises liability arising from a slip and fall incident at Jo-Ann's retail store. See Complaint [Exhibit A], at ¶ 7.

13. While Jo-Ann denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because it is more likely than not that the amount exceeds the jurisdictional minimum of $75,000.00.

14. Plaintiff alleges in the Complaint that, as a result of Jo-Ann's alleged negligence, Plaintiff "suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent and/or continuing and said Plaintiff will suffer the losses in the future." See Complaint [Exhibit A], at ¶ 9.

15. In addition to these allegations, Plaintiff's counsel made a pre-suit demand in the amount of $125,000.00.

16. It is well-established that this Court may consider a demand letter and its contents in determining whether the requisite jurisdictional amount in controversy has been satisfied. See e.g. Stephenson v. Amica Mut. Ins. Co., 6:14-CV-978-ORL-37, 2014 WL 4162781, at *1, *3 (M.D. Fla. Aug. 21, 2014) (denying motion to remand and finding amount in controversy satisfied where pre-suit demand letter from plaintiff offered to settle the matter for $100,000.00); Thompson v. Columbia Sussex Corp., 2016 WL 6134868 (M.D. Fla. Fla. Aug. 20, 2015); Russell v. Target Corp., 2014 WL 3908171 (M.D. Fla. Aug. 11, 2014); and Kilmer v. Stryker Corp., 2014 WL 5454385 (M.D. Fla. Oct. 27, 2014). Here, Plaintiff's counsel has made a pre-suit demand of $125,000.00. See Exhibit C.

17. It is clear from the allegations contained in Plaintiff's Complaint, together with the $125,000.00 pre-suit demand made by Plaintiff's counsel, that the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs. Accordingly, the amount in controversy meets the jurisdictional requirement and removal is appropriate.

## CONCLUSION

18. Based on the foregoing, Jo-Ann has met its burden of establishing that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) and that this action is one which may be removed to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

WHEREFORE, Defendant, Jo-Ann Stores, LLC, removes this action, currently pending in the Circuit Court of the Sixth Judicial Circuit in and for Polk County, Florida, to the United States District Court for the Middle District of Florida.

Respectfully submitted,

*/s/ Deborah H. Oliver*
Robert W. Boos, Esq.,
Florida Bar No. 558079
bob.boos@arlaw.com
lisa.stallard@arlaw.com

Deborah H. Oliver, Esq.
Florida Bar No. 485111
deborah.oliver@arlaw.com
lisa.stallard@arlaw.com

ADAMS AND REESE LLP
101 E. Kennedy Boulevard, Suite 4000
Tampa, FL 33602
813-402-2880 (Telephone)
813-402-2887 (Facsimile)
*Attorneys for Defendant Jo-Ann Stores, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the September 2, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  I further certify that I mailed a copy of the foregoing document and the notice of electronic filing by first-class mail and email to:

Marcus Fernandez, Esq.
Kinney, Fernandez & Boire, P.A.
P.O. Box 18055
Tampa, FL  33679
marcus@kfblaw.com

*/s/ Deborah H. Oliver*
Deborah H. Oliver, Esq.